**George D. FISCHER and Patrick F. Ferrone, Plaintiffs–Appellees,**

v.

**Jay D. DRIESEN and Marlys F. Driesen, Defendants–Appellants.**

No. 88–1075.

Court of Appeals of Iowa.

July 26, 1989.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendants appeal the decision of the trial court which granted an injunction requiring them to remove their double-wide house trailer from their lot due to restrictive covenants on the lot. We reverse.

Plaintiffs George D. Fischer and Patrick F. Ferrone are developers of an area of land called Dutchman's Landing on Lake Red Rock near Pella, Iowa. About 160 lots have been sold and approximately thirty-five homes built in the development. Defendants Jay D. Driesen and Marlys F. Driesen bought a lot at Dutchman's Landing in June of 1987. The sale contract included a number of restrictive covenants. Late in June of 1987 the Driesens moved what they believed is a manufactured home onto the lot. The home came in two parts on detachable wheels and axles. It is twenty-eight feet wide and sixty feet in length. The house rests on four steel beams which are supported by forty-four concrete piers that extend below the frost line. A screen has been placed on the bottom edge of the house. The house cost the Driesens $38,-832.

One of the restrictive covenants provided for an Architectural Control Committee. Defendants did not have their house plans approved by the Committee as required by the covenant. Plaintiffs brought this suit seeking to enjoin defendants from keeping the house on their lot. The trial court found the house was a trailer, which violated paragraph eleven of the restrictive covenants. The trial court determined the house also violated paragraph ten, which requires a solid, continuous foundation. The court found the restrictive covenants had not been abandoned. The trial court issued an injunction requiring the defendants to remove their double-wide house trailer and forbidding their building or placing any structure on the lot without first submitting plans to the Architectural Control Committee. Additional facts will be outlined in the body of the opinion.

Bert A. Bandstra, Knoxville, for defendants-appellants.

Mark R. Adams of Dreher, Wilson, Simpson, Jensen, Sellers, Buters, Adams & Kaiser, Des Moines, for plaintiffs-appellees.

On appeal, the Driesens claim the trial court erred in: 1) finding their home was a house trailer in violation of paragraph eleven of the restrictive covenants; 2) holding they had violated paragraph ten of the restrictive covenants which requires solid foundations on all homes in the development; and 3) holding their failure to present plans to the Architectural Control Committee was a material violation of the restrictive covenants. Our scope of review in equity actions is de novo. Iowa R.App. P. 4.

■ I. Initially we note the long-settled rule in Iowa that restrictions on the free use of property are strictly construed against parties seeking to enforce them and will not be extended by implication or construction beyond the clear meaning of their terms, and doubts will be resolved in favor of unrestricted use of property. *Maher v. Park Homes, Inc.*, 258 Iowa 1291, 1296–1297, 142 N.W.2d 430, 434 (1966).

With this principle of construction in mind, we address the issue of whether the structure which the Driesens have erected on their property is a house trailer prohibited by a restrictive covenant. The trial court determined the Driesens' home was a mobile home. Finding no practical difference between the structure in question and a house trailer, the trial court held the developers and intervenors had a right to have the structure removed. The Driesens, however, have always maintained their home is not a mobile home. They contend it is a manufactured home, built at another location and moved to the house site.

The trial court, in its holding, relied on *Jones v. Beiber*, 251 Iowa 969, 103 N.W.2d 364 (1960). In *Beiber*, the supreme court held there was a violation of a covenant in a warranty deed that prohibited trailers. In that case defendants had moved a trailer onto a lot. They removed the wheels from the trailer, placed the trailer on cement blocks, and left the axle and trailer hitch intact. They concealed this by siding placed around the base thereof. They also connected the trailer to water, electricity, and a septic tank. This trailer was used as their home. *Id.*

We find *Beiber* can be distinguished from the instant case. The trailer there was eight feet wide and fifty-one feet long and was in contrast to the other homes in the subdivision. In addition, all the buildings were required to be placed on a foundation not less than fourteen feet by eighteen feet in size. *Id.* at 971, 103 N.W.2d at 365. The *Beiber* court also noted the trailer involved maintained its basic character of "being designed to be hauled," because the hitch remained on the trailer, which had been placed upon cement blocks, leaving the axles intact.

The trial court also relied on *Brownfield Subdivision, Inc. v. McKee*, 19 Ill.App.3d 374, 311 N.E.2d 194 (1974), to support its decision the Driesen home is a house trailer. The Illinois appellate court held a structure was a mobile home within a restrictive covenant prohibiting the use of mobile homes on a lot. That court stated:

> The crux is in design. It is not so much that it is movable but that it was designed to be moved. It is not so much what kind of foundation it might have— here we can assume that it is permanent—but it was designed without a permanent foundation. Logically, therefore, we can say that a mobile home is a structure which is designed to be moved and has no foundation or the need for one.

*Id.* 311 N.E.2d at 196.

We do not find the rationale employed by the Illinois Court of Appeals convincing. Instead, we choose to follow the sound rationale employed by the Michigan Court of Appeals in *North Cherokee Village Membership v. Murphy*, 71 Mich.App. 592, 248 N.W.2d 629 (1976), faced with a restrictive covenant which stated "no house trailers or tents allowed on subdivision." The Michigan court distinguished both the Illinois court decision in *McKee* and the Montana case of *Timmerman v. Gabriel*, 155 Mont. 294, 470 P.2d 528 (1970), stating:

> The instant prohibition against "house trailers and tents" pales in comparison to the more comprehensive language of the restrictive covenants considered by the Illinois and Montana courts. Despite the

dubious rationale of the Illinois appellate court in *McKee*, ... (a mobile home is a mobile home is a mobile home), the court there could at least cite restrictive language specifically banning mobile homes, whereas, this Court is asked to engage in semantic sleight of hand by declaring a two-piece mobile home, bereft of its chassis and securely joined together, to be a house trailer. We decline the invitation.

*North Cherokee Village Membership v. Murphy*, 248 N.W.2d at 632.

█ The testimony of the developers indicates their primary concern centers around the permanence of the residence. The Driesen home is a permanent structure and uncontroverted testimony indicates the home, at this point, would be as difficult to move as a conventional "stick built" home. To move the home at this time would require hiring a home mover as well as extensive carpentry work which would include tearing off woodwork, carpeting, flooring, ceiling rafters, and roofing.

█ We also do not find compelling plaintiffs' argument this court should follow the definition of mobile homes set out by the legislature in Iowa Code chapter 135D in determining what the drafters of the covenant in question had in mind. We once again find the analysis of the Michigan court in *Murphy* to be compelling. In response to a similar argument, the Michigan court determined:

> We believe this argument miscarries. To ferret the meaning of "house trailer" by reference to the various definitional provisions of the Michigan Vehicle Code and the MHPA is to pursue false leads. The quoted definitional sections in these two statutes each begin with a caveat that the defined terms have the meaning so ascribed to them *for purposes of the particular statute or section* in which they are found. Hence, if this Court were to impute a statutory definition to the language in a private restrictive covenant, we would be rewriting the parties' respective obligations in a manner not

contemplated by their original undertaking. (Emphasis supplied.)

*Id.* at 630.

Just as in *Murphy*, section 135D.1 makes clear its definition of mobile homes is limited to matters contained in chapter 135D. In addition, there is nothing in the record to indicate the developers were familiar with chapter 135D at the time the covenants were drafted. We find the definition of section 135D.1 is not relevant in our task of construing the restrictive covenant here. We hold the Driesens' manufactured home does not violate covenant number eleven, prohibiting house trailers or other trailers. The trial court holding as to this issue is reversed.

█ II. Next the Driesens argue the trial court erred in holding their failure to present their plans to the Architectural Control Committee was a material violation of the covenants. Driesens contend this covenant had been abandoned because of evidence showing the committee has not reviewed all plans, and testimony which indicated the committee operated in a somewhat informal manner. On the record presented here, we decline to find the covenant has been abandoned. However, we determine in light of our holding in division I, injunctive relief is not the proper remedy for violating this covenant. It is well settled, the fact defendants have violated a covenant does not automatically entitle plaintiff to injunctive relief. *Johnson v. Pattison*, 185 N.W.2d 790, 797 (Iowa 1971). The *Pattison* court went on to outline the factors to be considered in determining when injunctive relief was appropriate:

> Equity usually invokes its extraordinary injunctive power only when necessary to prevent irreparable harm or when the complaining party is otherwise without an effective remedy. If the injury is light and an injunction would result in serious hardship or loss to defendant, courts have refused to enjoin, leaving the plaintiff to his claim for damages. Under this comparative injury doctrine, injunctions which are likely to cause great-

er injustice than they seek to prevent are properly refused.

*Id.* at 797.

Contradictory evidence indicated nearly one-third of the homes in the development were not approved by the committee. Often plans were not submitted to the committee, but this was apparently rectified by a committee member inspecting the home while it was being built. Still another committee member testified he had seen plans for what amounted to less than ten percent of the homes in the development.

In addition, we note the continued existence of the Driesen home will not be a source of damages to the other property owners. The Driesen home totals nearly 1,680 square feet, nearly double the size of the smallest homes in the development. At least two homes are "seasonal" and a basement home is also in the development. Evidence also indicates one home has not been completed and has stood vacant for some time. We determine injunctive relief is not appropriate in the case before us.

■ III. Next, Driesens argue the trial court was incorrect in holding the manufactured home violated the restrictive covenant that requires continuous solid foundations. The covenant provides all exterior construction must be completed and enclosed within twelve months. The Driesens argue twelve months had not elapsed between the time the manufactured home was delivered to the Driesens (June 23, 1987) and the time the developers filed suit (July 22, 1987). This evidence is uncontroverted.

Because only one month had passed, any ruling on this issue is premature. Continued construction on the property following the filing of this suit would have been imprudent. We hold Driesens should be given eleven months from date of this decision to cure any exterior construction problems which stand in violation of the covenant. Therefore, we reverse and remand this case to the trial court with instructions.

REVERSED AND REMANDED WITH INSTRUCTIONS.