**IOWA REALTY CO., INC., Appellee,**

v.

**Jeffrey and Cindy JOCHIMS, Husband and Wife, Appellants.**

No. 91–1605.

Supreme Court of Iowa.

July 21, 1993.

Roger J. Hudson of Smith, Schneider, Stiles, Wimer, Hudson, Serangeli, Robinson, Mallaney, Shindler, Scalise & Sandre, P.C., Des Moines, for appellants.

Mark McCormick and William P. Hoye of Belin Harris Lamson McCormick, A Professional Corp., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal is before us on further review from a court of appeals decision that reversed a declaratory judgment for a real estate developer in a dispute with homeowners over land use restrictions. The question is whether a satellite dish comes within the ban of a restrictive covenant that prohibits towers and antennas on residential lots. Because, like the district court, we find no ambiguity in the covenant, we vacate the court of appeals decision and affirm the judgment of the district court.

Plaintiff Iowa Realty Company is the developer of a subdivision known as Country Club Estates. Among the restrictive covenants pertaining to the development is one captioned "Towers and Antennas" which provides:

No extension towers or antennas of any kind shall be constructed, modified or permitted on any lot. Reasonable television or radio antennas are permitted on dwellings or garages.

Defendants Jeffrey and Cindy Jochims are Country Club Estate homeowners. Shortly after moving into the subdivision they installed a ten-foot diameter satellite dish, anchored in cement, in their backyard. After a neighbor complained about the structure, the Jochims replaced it with a smaller one, six feet in diameter. The new one, similarly affixed to a metal pole and embedded in concrete, differed from the former in that it was attached by metal brackets to the house. In this way, the Jochims believed, the structure came within the covenant's exception for antennas "*on* dwellings or garages." (Emphasis added.)

Still unsatisfied, Iowa Realty filed a petition in equity seeking an order declaring the Jochims in violation of the restrictive covenant, and requiring them to remove the satellite dish. The case proceeded to trial. The district court found the structure in violation of the covenants and ordered its removal.

The district court's order to remove the structure was subsequently reversed by the court of appeals. A majority of that court found the restrictive covenant ambiguous insofar as satellite dishes are concerned, and thus determined the provision must be strictly construed in favor of the landowner's unrestricted use of the property.

We granted Iowa Realty's petition for further review. Because the case was tried in equity, our review is de novo. Iowa R.App.P. 4.

I. The first issue is whether the court erred, as the Jochims contend, in holding that the restrictive covenant applies to or includes a satellite dish. Because the term "satellite dish" is not used in the covenant, the Jochims argue alternatively that (1) the devices are presumptively permitted or (2) an ambiguity in the covenant is created that must inure to their benefit. In response Iowa Realty contends—as the dis-

trict court found—that a satellite dish is, by definition, a type of antenna.

■ It is true that a restriction on the free use of property must be strictly construed against a party seeking to enforce it. *Stockdale v. Lester*, 158 N.W.2d 20, 22 (Iowa 1968); *Fischer v. Driesen*, 446 N.W.2d 84, 86 (Iowa App.1989). But the rule has application "only where the wording of the restriction is ambiguous." *Stockdale*, 158 N.W.2d at 22. Mere disagreement over the meaning of a word or phrase does not establish ambiguity for purposes of the rule. *Farm Bureau Mut. Ins. Co. v. Sandbulte*, 302 N.W.2d 104, 108 (Iowa 1981). Words of a contract must be given their commonly understood meaning. *Stockdale*, 158 N.W.2d at 22.

The operative word in the restrictive covenant is "antenna." Turning to Webster's Ninth New Collegiate Dictionary (1986), the district court found "antenna" defined as a "metallic device (as a rod or wire) for radiating or receiving radio waves." *Id.* at 89. We note that the same dictionary defines "dish" as "a directional microwave *antenna* having a concave usu. parabolic reflector." *Id.* at 363 (emphasis added). Thus the district court concluded that the satellite dish is an antenna for purposes of applying the covenant.

■ On appeal the Jochims do not seriously suggest that a satellite dish is something other than an antenna. Yet they argue that Iowa Realty's failure to specify satellite dishes as a type of antenna creates an ambiguity in the restrictive covenant that must inure to their benefit. We find no merit in this argument. Drafters of covenants, although held to a high standard, need not recite lengthy lists of synonyms for every restricted use in order to insure a binding contract. The covenant before us speaks of "antennas *of any kind.*" (Emphasis added.) We believe the district court correctly accorded these words their commonly understood meaning and included within their scope a limitation on satellite dishes.

■ II. Having determined that a satellite dish is an antenna, the district court

turned to the question of whether this particular antenna—which, like all others, would not be permitted on any *lot*—was in fact on the Jochims' *dwelling* or garage. The court found that it was not. We quite agree.

As already noted, the dish was not only anchored in concrete but also affixed to the exterior wall of the house by two metal brackets. The Jochims contend this brought them into compliance with the restrictive covenant because, like a greenhouse or a patio, the dish was "on" the house. The district court rejected this argument, wisely observing that if such a metal connection were sufficient to satisfy the "on the dwelling" requirement of the covenant, a homeowner could use metal fittings to extend a dish 100 feet into a yard and claim compliance with the restriction.

■ The words of a contract must be interpreted in context. *Home Fed. Sav. & Loan Ass'n v. Campney,* 357 N.W.2d 613, 617 (Iowa 1984). Like the district court, we believe the construction given the word "on" by the Jochims is at odds with the commonly understood meaning of "on" in this context. This antenna is not *on* the Jochims' house; it is *on* the ground in their backyard and attached to the wall by otherwise unnecessary metal fittings. Its installation thus violates the restriction against "antennas of any kind . . . on any lot."

Given the obvious import of the covenant as a means of controlling aesthetics in the neighborhood, we believe Iowa Realty was entitled to the injunctive relief it sought. The judgment of the district court must be affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**